GEORGE S. HADEN, Appellant, v. CARRIE E. GOODWIN, CHARLES W. GOODWIN and JAMES A. OWENS.

### Division Two, March 30, 1909.

**EJECTMENT: Possession by Defendant: After Judgment in Forcible Detainer: Estoppel.** Ejectment cannot be maintained against a defendant unless he was in actual possession of the land in dispute at the commencement of the action. But where plaintiff sued in ejectment on September 1st for possession of a narrow strip of a lot, which strip had for some years been within defendant's inclosure, and the evidence shows that on August 7th plaintiff took actual possession of a part of the strip for the purpose of building a foundation for an addition to his residence, and on August 29th was convicted of forcible entry and detainer, and on August 31st paid to the constable all the costs and damages, and on the same day the justice entered on his docket: "Constable reports this case satisfied and all costs paid," and on the same day plaintiff repaired to the premises, and stated to defendant's tenant who had brought the suit that he had paid the costs and damages and that, "I am now off of the ground," and immediately afterwards the tenant had the grass cut off of the disputed strip and gathered grapes from the vines thereon, it was error in the trial court to give a peremptory instruction for defendants. There was a turning over and redelivery of the premises, and plaintiff is not estopped to deny there was by the fact that thereafter the justice issued a writ of restitution and this writ was introduced in evidence at the trial, either by plaintiff upon defendant's consent or by defendant upon plaintiff's consent. The issuance of the writ under the circumstances was wholly nugatory and unnecessary.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

REVERSED AND REMANDED.

*Shain & Barnett* for appellant.

The court erred in that, at the close of plaintiff's evidence, at the instance of defendants and over the objection of plaintiff, it gave a peremptory instruction

in nature of demurrer to plaintiff's evidence, directing the jury to find for defendants. (1) One ousted by forcible entry and detainer suit who submits to the judgment, pays the costs, damages and rents allowed and restores the possession, thereby places himself in position to bring ejectment, laying his ouster prior to time he dispossessed the party; and in such suit is entitled to recover premises and damages. Robinson v. Walker, 50 Mo. 19. (2) Judgment in forcible entry and detainer case is no bar to suit in ejectment for same premises. There is no actual possession gained by a forcible entry, forcible entry being an unlawful invasion of an actual possession. Carter v. Scaggs, 38 Mo. 303. (3) Such possession as one gains by forcible entry is merely constructive and when restitution has been made under the judgment the *status quo* is restored, and the defendant's possession becomes from the beginning the plaintiff's possession. Bradley v. West, 68 Mo. 69. (4) By their plea of Statute of Limitations defendants admit possession. Notwithstanding that the attorney for the defense had a writ of restitution to issue from the court, where the docket entry showed "case satisfied," after this cause was instituted, still the testimony stands uncontradicted that costs and damages had been fully paid, restitution been fully made and possession taken prior to the commencement of this suit. The writ of restitution gave no more complete possession than was already enjoyed. Defense admits plaintiff has prima-facie legal title and place themselves squarely on a plea of Statute of Limitations. Under an issue so joined a peremptory instruction has no application in law. Whitaker v. Whitaker, 157 Mo. 242; Tatum v. St. Louis, 125 Mo. 647.

*Sangree & Bohling* and *Wm. D. Steele* for respondents.

(1) Plaintiff is bound by his own evidence, the same as if it was an admission in a pleading. Lilly v. Menke, 143 Mo. 137; Shirts v. Overjohn, 60 Mo. 308; Feary v. Railroad, 162 Mo. 105; Payne v. Railroad, 136 Mo. 594. (2) There is no evidence that defendants, or either of them, were in the possession of the premises at the time of the commencement of this suit. In order to recover, plaintiff had to show that at the time of the commencement of this action defendants or one of them was in the actual possession of the premises. Ins. Co. v. Cummings, 190 Mo. 269; Llewellyn v. Llewellyn, 201 Mo. 303; R. S. 1899, secs. 3056 and 3060.

GANTT, P. J.—This is an action of ejectment for a strip of ground off of the south side of lot seven of block three of Westenburger's addition to the city of Sedalia.

This action was commenced in the circuit court of Pettis county, September 1, 1905. The petition was in the ordinary statutory form and ouster was laid as of August 2, 1905. At the October term, 1905, the defendants Charles Goodwin and James Owens each filed separate answers which were general denials.

The defendant Carrie E. Goodwin in her separate answer, denied each and every allegation of the petition. And for a further defense, pleaded that she was the owner of lot eight of block three of said Westenburger's subdivision, and that plaintiff was and is the owner of lot seven of said block three. That in the year 1891, the division line between the two said lots was uncertain and unknown, and that then the defendants and plaintiff's grantor agreed upon a boundary line between said lots and located a fence upon the line so agreed upon, and that defendants have ever since that

date claimed all of said lot eight and up to said fence so located, and have had the peaceable, open and notorious possession of the same up to the 7th day of August, 1905, on which last date the plaintiff and one Zenobia Haden, with strong hands, made unlawful, forcible entry upon said premises and tore down the defendant's fence and built a foundation for an addition to the dwelling on the south side of the line so agreed upon by the defendants and plaintiff's grantor to be the boundary line between them as aforesaid; that afterward, to-wit, on the 15th day of August, 1905, defendant's tenant, James A. Owens, who was in possession of said premises, instituted a forcible entry and detainer suit against the plaintiff herein and the said Zenobia Haden, before N. H. Rogers, a justice of the peace, and on the 29th day of August, 1905, the same was tried before a jury and the jury found the plaintiff herein and the said Zenobia Haden guilty in the manner and form as charged in the complaint of the said James A. Owens. For further answer defendant states that neither the plaintiff herein, nor the said Zenobia Haden, has ever redelivered the possession of the premises so unlawfully entered by them to this defendant's tenant, James A. Owens, nor to this defendant, but that the plaintiff and the said Zenobia Haden still retain possession of the said premises the same as before the institution of the said suit before said justice. This defendant for further answer states that on the 30th day of September, 1905, the said N. H. Rogers, the justice before whom said forcible entry and detainer was tried, issued a writ of restitution against the plaintiff and the said Zenobia Haden to remove them from said premises and restore said possession to the said James A. Owens, defendant's tenant, and said writ is now in the hands of the constable of Sedalia township. Defendant denies that she was in possession of the premises described in plaintiff's petition at the commencement of this suit. For further answer de-

fendant states that, if the court should find upon the hearing of this case that at the institution of this suit she was in the possession of the premises described in plaintiff's petition, she has had the peaceable, adverse and continuous possession of said premises for more than ten years prior to the institution of this suit, claiming the same adversely to the plaintiff and his grantors, to-wit: from the —day of — — —, 1891, to the 7th day of August, 1905, and having fully answered, defendant asks to go hence with her costs.

Plaintiff for reply admitted that the defendant Carrie Goodwin is the owner of lot eight of block three of said Westenburger subdivision, but denies that there was ever an agreement as to the boundary line between said lots seven and eight and denies that there was a fence located upon an agreed boundary line between said lots. Denies the adverse possession of the tract in dispute by the defendant. Plaintiff alleges the fact to be that a fence was located upon the plaintiff's said lot seven whereby certain portions of said lot were thrown within the enclosure of the defendants' said lot eight at a time of which the plaintiff is not informed, but plaintiff alleges that it has been understood between defendant and plaintiff that this said fence was not on the true line between said lots, and was left as a matter of convenience with the understanding that plaintiff could at any time occupy lot seven up to the true line. Plaintiff admits the institution of the forcible entry and detainer suit as alleged in Carrie E. Goodwin's answer, and that the finding of the jury was as therein set forth. But plaintiff denies that either he or Zenobia Haden still retained possession of said premises. Plaintiff alleges the fact to be that on the 31st day of August, 1905, and before the institution of this suit, plaintiff and said Zenobia Haden paid the damages assessed together with the costs in said forcible entry and detainer cause, and as far as within the power of plaintiff and said Zenobia Haden

restored the possession to the defendant, and defendant had the possession of the same at the commencement of this suit.

This cause was tried in the circuit court, and in obedience to a peremptory instruction the jury returned a verdict for the defendants. Within due time and in proper form an appeal was perfected to this court.

There is very little controversy about the facts. As already indicated in the pleadings it stands admitted that the plaintiff is the owner of lot seven and the defendant Carrie E. Goodwin owns lot eight, which joins lot seven on the south. Charles Goodwin is the husband of Carrie E. Goodwin and James Owens was and is the tenant of Carrie E. Goodwin, and he occupied the said lot at the time of the commencement of the forcible entry and detainer case. The testimony very clearly indicates that when the dividing fences in this block were built, they were not put upon the true lines between the same, and for some time the strip of ground in controversy in this suit was within the enclosure of the defendant, Carrie E. Goodwin. The survey made by the city authorities in 1905 located the true line between lot seven and lot eight, and showed that this strip of land was within the Goodwin enclosure. In August, 1905, the plaintiff desiring to build an addition to his residence on lot seven, tore down a part of the dividing fence and built a foundation 'wall on this strip south of where the said fence stood. Thereupon the defendants Goodwin by and through their tenant Owens, instituted a forcible entry and detainer case against the plaintiff, and judgment was rendered in Owens's favor against plaintiff and his wife on the 29th of August, 1905, for the possession of this strip and one cent damages. On August 31, 1905, and before the commencement of this action, the plaintiff George S. Haden, the defendant in said forcible entry case, paid in full the judgment for damages and all the costs taxed in the said case, and the jus-

tice's docket of that date contains this entry: "Constable Chaney reports this case satisfied and all costs paid." And the itemized costs upon the justice's docket were all marked paid. The testimony further shows that on that date, the plaintiff herein went to the land in controversy and called out James A. Owens, the plaintiff in said forcible entry case and tenant of Carrie E. Goodwin of her said lot eight, and told him that he had now paid the damages and said to him, "I am now off of the ground." The testimony further shows that immediately afterwards, Owens had the grass cut on this disputed piece of ground, borrowing plaintiff's mower to do it. The testimony also shows there was a grape vine on this strip and Mr. Owens gathered grapes from it.

I. The circuit court having sustained the demurrer to the testimony on the ground that the evidence did not establish that the defendants were in possession of this disputed strip of land on the day of the commencement of this action in ejectment, the first question is as to the propriety of that action by the court. Of course, the action in ejectment cannot be maintained against a defendant unless he is in the actual possession of the land in dispute at the commencement of the action. [Secs. 3056 and 3060, R. S. 1899; Llewellyn v. Llewellyn, 201 Mo. l. c. 306, 307.] Plaintiff does not controvert this settled principle of law in this State. That this strip of land was within the enclosure of the defendants prior and up to August 7, 1905, when the plaintiff entered for the purpose of building his foundation for his addition to his residence, is conceded on all hands. The record of the action for forcible entry by Owens against the plaintiff conclusively established that plaintiff took actual possession of this strip for the purpose of making said improvement without having first resorted to any legal process to obtain the actual possession, and he was

convicted of a forcible and unlawful entry on August 29, 1905. Thereupon on August 31st, the plaintiff herein sought out the constable and obtained from him a full statement of all the costs and damages which had accrued in said action and paid the same in full, and this satisfaction was entered on that date on the justice's docket. In addition to this the plaintiff at once on the same day repaired to the premises in dispute and calling upon Mr. Owens, the tenant in possession of said lot eight, notified him that he had paid to the constable all the damages and costs, and said to him, "I am now off of the ground." And thereafter within a few days, at least, the evidence shows that Owens cut the grass upon this disputed strip and gathered the grapes from a vine growing thereon. But the defendants say that this did not constitute a sufficient turning over and redelivery of possession to them. For that, they say, afterwards on the 20th or 30th of September, at the instance of the attorney for Owens, the justice issued a writ of restitution in the aforesaid forcible entry case, and that plaintiff is estopped by reason, as they say, of having introduced the record of the issuance of this writ of restitution after the commencement of this action in ejectment, showing that the possession had not up to that time been redelivered to them. Inasmuch as only so much of the division fence was taken down as was necessary to enable plaintiff to lay his foundation for the addition to his residence and as the remainder of the fence stood just as it did before plaintiff constructed his foundation wall, and as he had paid all the damages and costs and had gone in person and notified the tenant in possession that he was now off of the premises and the undisputed evidence was that the tenant immediately resumed possession and cut the grass and gathered the grapes on this disputed strip, we think there was ample evidence of a redelivery of the premises to the defendants. Nothing more in

reason could have been demanded. The law never exacts an unnecessary thing. Nor do we think the plaintiff is estopped by what occurred in regard to the issuing of the writ of restitution. The issuing of that writ was the act of the defendants themselves and at the time it was issued the possession had already been redelivered. Nor does the record put the plaintiff in the attitude of maintaining contradictory positions in this respect. The colloquy which occurred between counsel and the court at the time this writ of restitution was brought to its attention was as follows. Mr. Rogers, the justice being recalled in order that he might correct a statement which he had made in answer to counsel for the defendants, when he was on the stand, that he had issued the writ of restitution on September 30th, stated that it must have been issued on the 25th. Thereupon counsel for the defendants said, "If the other side do not wish to offer this writ in evidence, we will offer it in evidence." The Court: "Of course, it would not be proper for you to introduce it at this time." Counsel for plaintiff: "We will not make any objection to it." Thereupon on cross-examination, by counsel for the defendants, the following occurred: "Q. Judge Rogers, this is the writ that you issued? Ans. Yes, sir. Q. In the case of Owens v. Hayden, and it is returned by the constable? Ans. Yes, sir, with his return on it." Counsel for defendant: "We now ask the stenographer to identify it." And the paper was marked Ex. B. Counsel for plaintiff: "We have no objection to his offering it, we will offer it in evidence ourselves." Counsel for defendants: "Do you want it read now?" Counsel for plaintiff: "We do not care about reading it now, it can be considered in evidence." By the Court: "You, gentlemen, do not insist upon this being read now?" Counsel for defendants: "No, sir." When the justice was being examined prior to this, after the defendants had shown the issuance of this writ, and the

date of its issuance at the instance of the attorneys for the defendants, and the return upon the writ, the court said: "Why not introduce the original paper?" Whereupon counsel for the defendants said, "It will be here in a moment."

Thus it appeared that without objection on the part of the plaintiff the defendants themselves had already proved the issuance of this writ of restitution and its service and return, and the fact was fully established before the colloquy above recited. To now hold that the plaintiff was conclusively estopped by what occurred when the defendants offered to introduce the writ itself, would we think be utterly unreasonable. We think it was perfectly competent for the plaintiff herein, the defendants in the forcible entry and detainer case, to show as a matter of fact that without waiting to be ousted of their forcible possession by a writ of restitution, they had in obedience to the judgment of the court turned back the possession to the defendants, and the subsequent issuance of the writ at the instance of the defendants could not and did not in any manner change the effect of the actual redelivery of the premises to the defendants. And we think that the learned circuit court erred in holding it did.

Under this ruling the defendants are placed in the position of being in actual possession of this strip, enjoying all the rights and privileges belonging thereto, but not sufficiently in possession to enable the plaintiff to maintain his action for possession. We think that the issuing of a writ of restitution at the time and under the circumstances, was wholly nugatory and unnecessary.

The defendants offered no evidence of course to sustain their plea of the Statute of Limitation, having obtained a ruling in their favor that the plaintiff could not maintain his action on the ground that they were not in possession, and of course it would be unfair to

construe the record as holding that the court passed upon that question at all.

For the reasons assigned, the judgment of the circuit court is reversed and the cause remanded in order that the question of adverse possession may be tried, if defendants desire to be heard on that issue.

*Burgess* and *Fox, JJ.*, concur.